STATE of Wisconsin, Plaintiff-Appellant-Petitioner,

v.

Daniel J. BAUER, Defendant-Respondent.

Supreme Court

*No. 84–1340–CR. Filed December 6, 1985.*

(Also reported in 377 N.W.2d 175.)

For the plaintiff-appellant-petitioner there were briefs by *Sally L. Wellman,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the defendant-respondent there was a brief by *Nila Jean Robinson* and *Robinson, Smith, Robinson & Peterson,* Appleton.

PER CURIAM. A petition for review having been granted by the court on May 14, 1985, and it now appearing that the decision and opinion of the court of appeals on March 12, 1985, was predicated on the facts as they then appeared, that identification evidence in respect to

125

a photographic record of the defendant's line-up proceedings had disappeared or had been destroyed; and,

The court now being informed by the district attorney of Outagamie county that the photo-line-up evidence, the photo-array, and the physical line-up photograph, evidentiary items which are asserted to be of crucial importance in the case, have now been located filed in an unrelated case in the sheriff's office and such evidentiary items are now available for production at trial;

IT IS ORDERED that the decision and opinion of the court of appeals (123 Wis.2d 444, 368 N.W.2d 59 (Ct. App. 1985)), based upon facts as they then appeared but now known to be incorrect, be vacated and the cause is remanded to the circuit court of Outagamie county for trial or for such other or further proceedings as may be appropriate in light of the fact that the evidence in question is now available.

IT IS FURTHER ORDERED that the circuit court be authorized to consider what proceedings heretofore undertaken in the court should be vacated by reason of the fact that the missing evidence has now been located. It is not the intention of this court to determine at this point in the proceeding the rights of the state or of the defendant in respect to the use of the discovered evidence.

IT IS FURTHER ORDERED that the effective date of this per curiam opinion be November 20, 1985, of even date with the order previously issued covering the same subject matter.